IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | |
|---|---|
| **OSCAR SANTOS** | : |
| 8216 14th Avenue, Apt 102 | : |
| Hyattsville, MD 20783 | : |
| | : |
| **ONTONIEL MORALES** | : |
| 5627 Duchane Drive | : |
| Lanham MD 20706 | : |
| | : |
| **ISIDRO FLORES** | : |
| 3559 55th Avenue, Apt.2 | : |
| Hyattsville, MD | : |
| | : |
| *On behalf of themselves and* | : |
| *all others similarly situated* | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : CASE NO.: |
| | : |
| **E&R SERVICES, INC,** | : |
| 6222 Seabrook Rd, | : |
| Lanham, MD 20706 | : |
| Gaithersburg, MD 20879 | : |
| | : **JURY TRIAL DEMANDED** |
| | : |
| <u>SERVE RESIDENT AGENT</u>: | : |
| Emilio Rodriguez | : |
| 14614 Arabian Lane | : |
| Bowie MD 20715 | : |
| | : |
| **EMILIO RODRIGUEZ** | : |
| 14614 Arabian Lane | : |
| Bowie MD 20715 | : |
| | : |
| Defendants. | : |

**<u>COMPLAINT</u>**

Plaintiffs Oscar Santos, Ontoniel Morales, and Isidro Flore, by and through their undersigned counsel, and for themselves and all others similarly situated, hereby file this Complaint against E&R Services, Inc. ("E&R"), and Emilio Rodriquez ("Mr. Rodriguez"), to recover unpaid back

RUBIN EMPLOYMENT LAW
FIRM, P.C
600 JEFFERSON PLAZA
SUITE 204
ROCKVILLE, MARYLAND 20852

TELEPHONE 301/760-7914

1

wages, overtime pay, liquidated damages, treble damages, reasonable attorney's fees and costs under § 16(b) of the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 et seq. ("FLSA"); the Maryland Wage and Hour Law, Labor and Employment Article §§ 3-401 et seq, the Maryland Wage Payment and Collection Law ("MWPCL"), Maryland Code, Labor and Employment Article §§ 3-501 et seq., and Maryland Workplace Fraud Act ("MWFA"), §§ 3-901 et seq., and state as follows:

## INTRODUCTION

1. Mr. Santos is a Maryland resident. He worked for defendants in Prince George's County, Maryland. He has agreed to opt in to this action as shown by Exhibit A

2. Mr. Morales is a Maryland resident. He worked for defendants in Prince George's County, Maryland. He has agreed to opt in to this action as shown by Exhibit B.

3. Mr. Flores is a Maryland resident. He worked for defendants in Prince George's County, Maryland. He has agreed to opt in to this action as shown by Exhibit C.

4. E&R is a Maryland corporation doing regular business in Prince George's County, Maryland. Its primary business is commercial and residential construction.

5. Mr. Rodriguez is a resident of Maryland.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, a federal statute.

7. Venue is proper in this District under 28 U.S.C. §1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

## FACTS

RUBIN EMPLOYMENT LAW FIRM, P.C
600 JEFFERSON PLAZA
SUITE 204
ROCKVILLE, MARYLAND 20852
TELEPHONE 301/760-7914

2

8. Mr. Rodriguez serves as the Chief Executive Officer and an Owner of E&R. He is actively engaged in the management and direction of employees, and possesses the authority and discretion to fix, adjust, and determine hours worked and amounts paid with respect to all of E&R's employees. Mr. Rodriguez is authorized to issue checks on corporate accounts and has custody and control of employment records and is responsible for maintaining those records. At all times material herein, Mr. Rodriguez was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), the MWHL MD Lab. and Empl. Section 3-401(b), and the MDWPCL MD Lab. and Empl. Section 3-501(b). Thus, Mr. Rodriguez and E&R are jointly and individually liable under for damages to the Plaintiff.

9. E&R operates and controls an enterprise engaged in commerce, with an annual gross volume of business exceeding $500,000.00.

10. E&R performed construction services as defined by the MWFA. MD Lab. and Empl. Section 3-901(b).

11. Mr. Santos, Mr. Morales and Mr. Flores (on behalf of themselves and other similarly situated) bring this claim, under § 16(b) of the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 ("FLSA"), the Maryland Wage and Hour Law ("MWHL"), Maryland Code, Labor and Employment Article §§ 3-401 et seq., the Maryland Wage Payment and Collection Law ("MWPCL"), Maryland Code, Labor and Employment Article §§ 3-501 et seq., and the Maryland Workplace Fraud Act ("MWFA"), §§ 3-901 et seq. to recover unpaid back wages, minimum wages, overtime pay, liquidated damages, pre and post-judgment interest, treble damages, reasonable attorney's fees and costs.

12. Mr. Santos worked for defendants from on or about September 1, 2019 to on or about August 9, 2020

RUBIN EMPLOYMENT LAW FIRM, P.C
600 JEFFERSON PLAZA
SUITE 204
ROCKVILLE, MARYLAND 20852

TELEPHONE 301/760-7914

13. Mr. Santos performed physical work for defendants, operated heavy machinery, and performed excavation.

14. Defendants paid Mr. Santos by the hour, usually $26, $27 or $28 per hour.

15. Defendant paid Mr. Santos each week, usually on Tuesday.

16. Defendants sometimes withheld taxes from Mr. Santos's paychecks and sometimes did not (purporting to treat him as an independent contractor).

17. Defendants sometimes paid Mr. Santos (and those similarly situated) time and a half when he worked more than forty hours in a week for some overtime hours, but sometimes defendants did not pay any overtime pay.

18. For example, for the week preceding the pay day of September 24, 2019, Mr. Santos worked at least fifty-seven hours.

19. Defendants paid him $27 per hour but did not pay him time-and-half for the hours he worked over forty hours that week.

20. For the week preceding the pay day of October 1, 2019, Mr. Santos worked at least fifty-eight hours.

21. Defendants paid him $27 per hour but did not pay him time-and-half for the hours he worked over forty hours that week.

22. For the week preceding the pay day of October 8, 2019, Mr. Santos worked at least fifty-nine hours.

23. Defendants paid him $27 per hour but did not pay him time-and-half for the hours he worked over forty hours that week.

24. When defendants did not pay overtime, they usually issued Mr. Santos (and those similarly situated) a check with no withholdings.

RUBIN EMPLOYMENT LAW FIRM, P.C
600 JEFFERSON PLAZA
SUITE 204
ROCKVILLE, MARYLAND 20852

TELEPHONE 301/760-7914

25. Defendants also did not pay Mr. Santos (and those similarly situated) for all of his hours worked.

26. In other words, Defendants required Mr. Santos and those similarly situated to work "off the clock."

27. Mr. Morales worked for defendants from approximately July 2017 to July 2018 and then again from October 2018 to August 2019.

28. Mr. Morales regularly worked more than forty hours in a week.

29. Defendants treated Mr. Morales in the same fashion it treated Mr. Santos.

30. Defendants sometimes paid Mr. Morales (and those similarly situated) time and a half when he worked more than forty hours in a week for some overtime hours, but sometimes defendants did not pay any overtime pay.

31. When defendants did not pay overtime, they usually issued Mr. Morales (and those similarly situated) a check with no withholdings (purporting to treat him as an independent contractor).

32. Defendants did not pay Mr. Morales (and those similarly situated) for all of his hours worked.

33. Mr. Flores worked for defendants from approximately June 2019 to August 2020 as a laborer/finisher.

34. Mr. Flores regularly worked more than forty hours in a week.

35. Defendants treated Mr. Flores in the same fashion it treated Mr. Santos.

RUBIN EMPLOYMENT LAW
FIRM, P.C
600 JEFFERSON PLAZA
SUITE 204
ROCKVILLE, MARYLAND 20852

TELEPHONE 301/760-7914

5

36. Defendants sometimes paid Mr. Flores (and those similarly situated) time and a half when he worked more than forty hours in a week for some overtime hours, but sometimes defendants did not pay any overtime pay.

37. When defendants did not pay overtime, they usually issued Mr. Flores (and those similarly situated) a check with no withholdings (purporting to treat him as an independent contractor).

38. Defendants did not pay Mr. Flores (and those similarly situated) for all of his hours worked

39. Defendants maintain a common policy or practice, which applies to all, or nearly all of its construction workers in which Defendants do not pay the required overtime premium for hours worked over 40 in a week.

40. Defendants maintain a common policy or practice, which applies to all, or nearly all of its construction workers in which Defendants do not pay their employee for all hours worked and require them to work off the clock.

41. Defendants were required by law to record the hours worked by Plaintiffs. Defendants have, or should have, records sufficient to permit a calculation of the hours worked, and the overtime underpayments, for the Plaintiff, and others similarly situated.

42. At this time and prior to conducting discovery, Plaintiffs do not have sufficient documents or information in his possession to calculate his unpaid overtime wages. Plaintiffs reserves the right to offer appropriate calculations based wholly or in part upon information with the control of Defendants, and to request appropriate awards concerning Plaintiffs, and

RUBIN EMPLOYMENT LAW FIRM, P.C
600 JEFFERSON PLAZA
SUITE 204
ROCKVILLE, MARYLAND 20852

TELEPHONE 301/760-7914

others similarly situated, for whom it has not yet been practicable to offer a calculation of backpay due.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FEDERAL FAIR LABOR STANDARDS ACT
### (OVERTIME)

43. Plaintiffs re-allege and reassert each and every allegation set forth above, as if each were set forth herein.

44. Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receive compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

45. Plaintiffs were "employees" covered by the FLSA, 29 U.S.C. § 207(a)(1), Defendants were their "employers" under § 207(a)(2). Defendants, as Plaintiffs' employers, were obligated to compensate Plaintiffs for overtime hours worked, at the overtime rate.

46. Plaintiffs (and others similarly situated) worked overtime on a regular basis. Plaintiffs were entitled to, and are owed, overtime pay at the rate of one and one-half (1 ½) times their regular rate of pay for hours worked in excess of forty (40) hours in a given work week.

47. Defendants have failed and refused to compensate plaintiffs (and others similarly situated) properly and as required by law for numerous overtime hours worked. This failure and refusal to pay compensation as required by the FLSA was willful and intentional, and not in good faith.

RUBIN EMPLOYMENT LAW FIRM, P.C
600 JEFFERSON PLAZA
SUITE 204
ROCKVILLE, MARYLAND 20852

TELEPHONE 301/760-7914

7

## COUNT II

### VIOLATION OF THE FEDERAL FAIR LABOR STANDARDS ACT
### (MINIUM WAGE)

48. Plaintiffs re-allege and reassert each and every allegation set forth above, as if each were set forth herein.

49. Section 206(a) of the FLSA provides that employer must pay employees at least the minimum wage.

50. Plaintiffs were "employees" covered by the FLSA, 29 U.S.C. § 207(a)(1), Defendants were their "employers" under § 207(a)(2). Defendants, as Plaintiffs' employers, were obligated to compensate Plaintiffs for overtime hours worked, at the overtime rate.

51. Plaintiffs (and others similarly situated) regularly worked off the clock. Defendants did not pay plaintiffs for this work.

52. Defendants have failed and refused to compensate plaintiffs (and others similarly situated) at least the minimum wage and as required by law for numerous hours worked. This failure and refusal to pay compensation as required by the FLSA was willful and intentional, and not in good faith.

### COUNT III
### VIOLATION OF THE MARYLAND WAGE AND HOUR LAW
### (Overtime)

53. Plaintiffs re-allege and reassert each and every allegation set forth above, as if each were set forth herein.

RUBIN EMPLOYMENT LAW
FIRM, P.C
600 JEFFERSON PLAZA
SUITE 204
ROCKVILLE, MARYLAND 20852

TELEPHONE 301/760-7914

54. The Maryland Wage and Hour Law require each employer shall pay an overtime wage of at least 1.5 times the usual hourly wage.

55. Plaintiffs were "employees" covered by the Maryland Wage and Hour Law.

56. Defendants were their "employers" under the Maryland Wage and Hour Law. Defendants, as Plaintiff's employers, were obligated to compensate Plaintiffs for overtime hours worked, at the overtime rate.

57. Plaintiffs worked overtime on a regular basis.  Plaintiffs were entitled to, and are owed, overtime pay at the rate of one and one-half (1 ½) times his regular rate of pay for hours worked in excess of forty (40) hours in a given work week.

58. Defendants have failed and refused to compensate plaintiffs (and others similarly situated) properly and as required by law for numerous overtime hours worked. This failure and refusal to pay compensation as required by the Maryland Wage and Hour Law was willful and intentional, and not in good faith.  The Law allows Plaintiffs to collect liquidated damages.

## COUNT IV
## VIOLATION OF THE MARYLAND WAGE AND HOUR LAW
### (Minimum Wage)

59. Plaintiffs re-allege and reassert each and every allegation set forth above, as if each were set forth herein.

60. The Maryland Wage and Hour Law requires that each employer shall pay at least the minimum wage.

61. Plaintiffs were "employees" covered by the Maryland Wage and Hour Law.

62. Defendants were their "employers" under the Maryland Wage and Hour Law. Defendants, as Plaintiff's employers, were obligated to compensate Plaintiffs for at least the minimum wage for all hours worked.

RUBIN EMPLOYMENT LAW
FIRM, P.C
600 JEFFERSON PLAZA
SUITE 204
ROCKVILLE, MARYLAND 20852

TELEPHONE 301/760-7914

63. Defendants required that Plaintiffs work "off the clock" on a regular.

64. Defendants have failed and refused to compensate plaintiffs (and others similarly situated) properly and as required by law for the numerous hours they worked off the clock. This failure and refusal to pay compensation as required by the Maryland Wage and Hour Law was willful and intentional, and not in good faith.  The Law allows Plaintiffs to collect liquidated damages

## COUNT V
## VIOLATION OF THE MARYLAND WAGE PAYMENT AND COLLECTION LAW

65. Plaintiffs re-allege and reassert each and every allegation set forth above, as if each were set forth herein.

66. Defendants have failed and continue to fail to pay to Plaintiffs promised and earned wages, which are due and owing to him.

67. Section 3-501(c) of MWPCL defines wages as including "overtime wages."

68. Section 3-505 of the MWPCL requires employers to pay an employee "all wages due for work that the employee performed before the termination of employment, on or before the day on which the employee would have been paid the wages if the employment had not been terminated."

69.  Defendants violated Section 3-505 by failing to pay plaintiffs their promised wages at any time on or before the employment relationship between the parties terminated or when they became due under the Maryland Wage Payment and Collection Law

70. The aforesaid actions and/or omissions of defendants are in contravention of the Maryland Wage Payment and Collection Law.  Maryland Employment & Labor Code Ann., Sec. 3-505.

RUBIN EMPLOYMENT LAW FIRM, P.C
600 JEFFERSON PLAZA
SUITE 204
ROCKVILLE, MARYLAND 20852

TELEPHONE 301/760-7914

71. The Court is permitted to award Plaintiffs treble damages and reasonable counsel fees for any violation of the Maryland Wage Payment Collection Law. Maryland Employment & Labor Code Ann., Sec. 3-507.2.

## COUNT VI
## VIOLATION OF THE MARYLAND WORKPLACE FRAUD ACT

72. Plaintiffs re-allege and reassert each and every allegation set forth above, as if each were set forth herein.

73. Plaintiffs were employees performing construction work in the State of Maryland and, at all times, Defendants were Plaintiffs' employers.

74. Defendants had actual knowledge that Plaintiffs were Defendants employees and that Defendants was Plaintiffs' employers.

75. Defendants had actual knowledge that Plaintiffs were never independent contractors.

76. Defendants misclassified Plaintiffs as independent contractors and, in so doing, failed to pay Plaintiffs' employee share of Federal and Maryland employment taxes, unemployment insurance taxes, and workers' compensation insurance.

77. Defendants purposely and knowingly misclassified Plaintiffs as independent contractors so as to force Plaintiffs to pay the employee and employer share of all employment related taxes and expenses and save Defendants money.

78. Plaintiffs has been forced to pay a substantial amount of additional and unnecessary taxes as a result of Defendants' actions and has been damaged by paying additional and unnecessary taxes that should have been Defendant's legal responsibility.

## **Prayer**

RUBIN EMPLOYMENT LAW FIRM, P.C
600 JEFFERSON PLAZA
SUITE 204
ROCKVILLE, MARYLAND 20852

TELEPHONE 301/760-7914

Based on the foregoing allegations, Plaintiffs respectfully request that this Court grant money damages in an amount to be determined by the evidence, exclusive of attorney's fees; and in support thereof, requests this Honorable Court to issue the following Orders:

(a) Certify this action as a collective action pursuant to 29 U.S.C. § 216(b), issue an appropriate Notice to potential opt-in Plaintiffs who performed hourly work for defendants and were not paid overtime, and supervise the maintenance of this collective action;

(b) Order Defendants to pay Plaintiffs and those similarly situated for all unpaid overtime and minimum wage payments determined by the Court to be due and owing to the Plaintiffs and those similarly situated under the FLSA, as well as a sum of liquidated damages in an amount equal to the amount of any unpaid minimum wage payments awarded to Plaintiff, for the three year preceding the filing of this lawsuit;

(c) Award Plaintiffs all unpaid overtime and minimum wages in such amounts to be proved at trial and all other damages, including liquidated damages, authorized by the Maryland Wage and Hour Law;

(d) Award Plaintiffs all damages caused by Defendants' misclassifying the Plaintiffs as independent contractors;

(e) Award Plaintiffs treble damages under Counts V and VI, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate;

(f) Award Plaintiffs and those similarly situated their attorneys' fees and costs in pursuing this action;

(g) Award Plaintiffs and those similarly situated interest on any sums determined due and owing from Defendants; and

RUBIN EMPLOYMENT LAW
FIRM, P.C
600 JEFFERSON PLAZA
SUITE 204
ROCKVILLE, MARYLAND 20852

TELEPHONE 301/760-7914

(h) Equitably tolling for the Collective effective the date of the filing of the instant Complaint.

(i) Allow leave to add additional plaintiffs by motion, the filing of written consents, or any other method approved by the court.

(j) Issue a declaratory judgment that Defendants' wage practices alleged herein violate overtime compensation provisions of the Fair Labor Standards Act, 29 U.S.C. §201, et seq., and attendant regulations at 29 C.F.R. §516 et seq.

(k) Issue a declaratory judgment that Defendants' wage practices alleged herein violate overtime compensation provisions of the Maryland Wage and Hour Law

(l) Issue an Order for injunctive relief ordering the Defendants to end all of the illegal wage practices alleged herein pursuant to FLSA, Maryland Wage and Hour Law, and related laws and regulations.

(m) Issue an Order directing Defendants, at their own expense, to investigate and account for the number of overtime and off the clock hours actually worked by the Plaintiffs and all putative collective and class members; and

(n) Award any and all other forms of relief the Court deems just and proper.

> Respectfully submitted,
>
> **RUBIN EMPLOYMENT LAW FIRM, PC**
>
> _/s/_____
> James E. Rubin
> 600 Jefferson Plaza, Suite 204
> Rockville, MD 208502
> Telephone: (301) 760-7914
> jrubin@rubinemploymentlaw.com
>
>
> Aaron Z. Uslan, Attorney
> Law Office of Aaron Z. Uslan LLC

RUBIN EMPLOYMENT LAW
FIRM, P.C
600 JEFFERSON PLAZA
SUITE 204
ROCKVILLE, MARYLAND 20852

TELEPHONE 301/760-7914

13

>5034 Wisconsin Ave. NW
>Ste 250
>Washington, DC 20016
>(202) 350-2900
>
>*Counsel for Plaintiffs*

## JURY DEMAND

Plaintiffs demand a jury trial on all of the matter raised in the complaint.

>_____/s/_____
>James E. Rubin

RUBIN EMPLOYMENT LAW
FIRM, P.C
600 JEFFERSON PLAZA
SUITE 204
ROCKVILLE, MARYLAND 20852

TELEPHONE 301/760-7914