# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| OSCAR SANTOS, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | **CASE NO.: DLB-20-2737** |
| v. | * | |
| | * | |
| E&R SERVICES, INC, *et al*., | * | |
| | * | |
| Defendants. | * | |

## ORDER

On February 18, 2022, the Court ordered defendants E&R Services, Inc. and Emilio Rodriguez to pay plaintiffs' reasonable attorneys' fees incurred due to the defendants' failure to comply with the Court's December 23, 2021 Order.  ECF 72; *see* Fed. R. Civ. P. 37(b)(2)(C); ECF 66 (motion for show cause order and other relief).  On March 15, 2022, plaintiffs filed a petition for attorneys' fees, a memorandum in support, declarations from their attorneys, and itemized invoices that reflect the attorneys' rates and time spent on specific tasks.  ECF 75, 75-1, 75-2. Plaintiffs seek a fees award of $3,800.00 for briefing the discovery motion and attending the February 17 and 28, 2022 contempt and show cause hearings.  Defendants have not responded or objected to the fee petition.  Because an award of $3,800.00 is reasonable, plaintiffs' petition is granted.

When a party fails to comply with a discovery order, Rule 37(b)(2)(C) requires the Court to "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C). The Court previously concluded that the defendants' failure was not substantially justified and that

they did not identify any reason that a fees award would be unjust.  ECF 72.  Now, the Court must

analyze the reasonableness of plaintiffs' attorneys' fees.

To determine whether attorneys' fees are reasonable, the Court must determine the lodestar

amount, which is a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom*

*v. The Mills Corp.*, 549 F.3d 313, 320–21 (4th Cir. 2008).  The twelve factors provided in *Johnson*

*v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), are relevant for

determining the lodestar figure.  *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978)

(adopting *Johnson* factors).[1]  For the Court to address the reasonableness of fees, the party seeking

fees "must provide 'detailed records' that specify 'the services performed, by whom they were

performed, the time expended thereon, and the hourly rate charged,'" which plaintiffs have done.

*Matias Guerra v. Teixeira*, No. TDC-16-0618, 2019 WL 3927323, at *2 (D. Md. Aug. 20, 2019)

(quoting *Bel Air Plaza Ltd. P'ship v. Ross Dress for Less, Inc.*, No. CCB-14-2533, 2016 WL

3440191, at *1 (D. Md. June 23, 2016)); *see* ECF 75.

Plaintiffs seek a fees award of $3,800.00, $20.00 less than the $3,820.00 plaintiffs' counsel

billed for services.  ECF 75.  According to the declarations of counsel, James Rubin and Aaron

---

[1] The twelve factors in *Johnson* are:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions
> raised; (3) the skill required to properly perform the legal services rendered; (4) the
> attorney's opportunity costs in pressing the instant litigation; (5) the customary fee
> for like work; (6) the attorney's expectations at the outset of the litigation; (7) the
> time limitations imposed by the client or circumstances; (8) the amount in
> controversy and the results obtained; (9) the experience, reputation and ability of
> the attorney; (10) the undesirability of the case within the legal community in which
> the suit arose; (11) the nature and length of the professional relationship between
> attorney and client; and (12) attorneys' fees awards in similar cases.

*See Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 229 n.28 (4th Cir. 1978).  This Court previously
noted that "many of the twelve *Johnson* factors are inapposite in connection with a sanctions award
for a discovery dispute."  *Davis v. Rouse*, No. WDQ-08-3106 (SAG), 2012 WL 3059569, at *3
(D. Md. July 25, 2012).

Uslan, and their billing statements, counsel drafted and researched the plaintiffs' motion for sanctions and show cause order, drafted the plaintiffs' reply, and prepared for and attended the hearing on the motion and the show cause hearing.  ECF 75, 75-1, 75-2.

First, the Court must determine whether the number of hours that counsel worked is reasonable.  Mr. Rubin worked 8.3 hours, and Mr. Uslan worked 1.92 hours.  They reviewed the law on contempt and sanctions, drafted the motion for sanctions and to show cause, reviewed the opposition and discovery produced, drafted the reply, communicating with opposing counsel, and prepared for and attended the hearings.  ECF 75, 75-2.  Considering the *Johnson* factors, the Court finds the number of hours Mr. Rubin and Mr. Uslan worked is reasonable.

Next, the Court must determine whether counsel's proposed fee rate is reasonable.  Mr. Rubin, who has been a practicing attorney since 1996, billed at $400.00 per hour.  ECF 75, 75-2. Mr. Uslan, who has been a practicing attorney since 2010, billed at $250.00 per hour.  *Id.*  Their hourly rates are within this Court's Local Rules' Guidelines for hourly rates for attorneys of their experience.  Loc. R. App. B.3(c), (e) (D. Md. July 1, 2021).  At $400 per hour, Mr. Rubin's fees for 8.3 hours of work are $3,340.00, and at $250 per hour, Mr. Uslan's fees for 1.92 hours of work are $480.00, for a combined total of $3,820.00.  Therefore, the Court finds that $3,800.00 in attorneys' fees is reasonable.

Accordingly, this 26th day of May, 2022, upon consideration of Plaintiffs' Fee Petition As Directed By The Court's Order (ECF 72), it is hereby ORDERED that plaintiffs' petition for attorneys' fees, ECF 75, is GRANTED as follows:

1.  Defendants E&R Services, Inc. and Emilio Rodriguez shall pay $3,800.00 in attorneys'

    fees to plaintiffs by delivering that amount to The Rubin Employment Law Firm, P.C.,

    within fourteen days of the entry of this Order.


                                                    _____
                                                    Deborah L. Boardman
                                                    United States District Judge